STEVENSON, J.
Appellants challenge an order granting appellees’ motion for attorneys’ fees and costs on the ground that the terms of the written contract providing attorneys’ fees to the prevailing party were inapplicable to this case. We reverse the award as premature because the underlying order on which the attorneys’ fee award was based has been reversed by this court. See Harris v. Schickedanz Bros.-Riviera Ltd., 746 So.2d 1152 (Fla. 4th DCA 1999)(“Harris I”).
Appellant Robert Harris contracted with appellees to provide various services to assist them in developing Woodbine, a 120-acre residential development, including marketing and procuring purchases of the individual units in the development. Appellants eventually filed a complaint alleging that appellees had canceled the written contract but had subsequently orally agreed to pay Harris for services rendered and, then, failed- to pay Harris pursuant to the oral agreement.
The trial court entered an order dismissing the complaint with prejudice after concluding that appellants faded to state a cause of action because Harris was not a licensed real estate broker entitled to a real estate brokerage fee. The trial court also granted appellees’ motion for attorneys’ fees based on the provision of the written contract stating, “[i]n the event of litigation arising or pertaining to this Agreement, the prevailing party shall be entitled to reimbursement of reasonable attorneys’ fees and costs, including reasonable attorneys’ fees and costs on appeal.” (emphasis added). The two orders entered by the trial court were appealed separately. In Harris I, this court held that the trial court erred in dismissing the complaint and remanded the cause for further proceedings on Harris’ breach of contract claims. See 746 So.2d at 1152.
In this appeal, appellants argue that the award of fees was improper since its action was not based on the written contract, but on a subsequent oral contract. Because the underlying case, Harris I, was resolved on a motion to dismiss, the trial court made no findings as to whether the suit arose out of the written agreement or the oral agreement. In reversing the order granting attorneys’ fees, we have not reached the issue of whether prevailing party attorneys’ fees will be proper within the context of this lawsuit, since at this stage of the litigation, any consideration of attorneys’ fees is premature.
REVERSED.
FARMER and KLEIN, JJ., concur.